No. 25-5157                              September Term, 2024

1:25-cv-00935-PLF

Filed On: July 16, 2025

National Treasury Employees Union,

        Appellee

    v.

Donald J. Trump, President of the United
States, et al.,

        Appellants

**BEFORE:**   Srinivasan, Chief Judge, and Henderson, Millett, Pillard, Wilkins, Katsas, Rao, Walker, Childs*, Pan, and Garcia, Circuit Judges

## O R D E R

Upon consideration of the motion for reconsideration en banc, styled as a petition for rehearing en banc, and the response thereto; appellants' Rule 28(j) letter; and appellee's Rule 28(j) letter and the response thereto, it is

**ORDERED** that the motion for reconsideration en banc be denied.

### Per Curiam

                                              **FOR THE COURT:**
                                              Clifton B. Cislak, Clerk

                                 BY:    /s/
                                           Selena R. Gancasz
                                           Deputy Clerk

---

* A statement by Circuit Judge Childs, concurring in this order, is attached.

Statement of *Circuit Judge* CHILDS respecting the denial of reconsideration *en banc*: A special panel of this court granted the Government's motion for a stay pending appeal. As I detailed in my dissent to that special panel's order, I continue to believe that the Government fell short of its burden to show its own irreparable harm absent a stay pending appeal. *En banc* reconsideration is rare, however, and this particular petition has not satisfied the high threshold for review by our full court. I write separately to underscore the burden our case law imposes on all parties seeking a stay, including the Government.

The purpose of a stay pending appeal is to prevent irreparable harm that may arise before we have an opportunity to rule on the merits. The core question is thus whether the party moving for emergency relief can wait until the litigation is resolved through the ordinary course or whether such a delay will cause injury to the party that cannot be remedied at the close of the case, even if the party were to prevail on the merits.

The factors for a stay pending appeal are well established. A court must consider whether a movant has: (1) made a "strong showing that [it] is likely to succeed on the merits" of the appeal; (2) demonstrated that it will be "irreparably injured absent a stay" before the appeal concludes; (3) shown that issuing a stay will not "substantially injure the other parties interested in the proceeding"; and (4) established that "the public interest" favors a stay. *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

Consistent with the purpose of a stay, the showing of irreparable harm "is a necessary prerequisite" to issuance. *KalshiEX LLC v. CFTC*, 119 F.4th 58, 64 (D.C. Cir. 2024). A moving party must identify an injury that it will suffer during the appeal that is "certain and great," "actual and not theoretical," and not "merely feared as liable to occur at some

indefinite time." *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) (quotations and citation omitted). If the party cannot meet this stringent standard to convince a court of the need to act to prevent irreparable harm, there is no need to even reach the remaining stay factors. *Id*.

It is clear, then, that a party cannot make the requisite showing of irreparable harm by pointing only to the separate consideration of its likelihood of success on the merits, or by making vague assertions of theoretical harm that are wholly dependent on prevailing on merits arguments. If all a party had was a likelihood of prevailing on its merits arguments, it could proceed through the ordinary course of litigation and obtain complete relief at the conclusion of the case. The ordinary course is ordinary for a reason. "[I]n our legal system, success takes time and the stay standards require more than anticipated victory." *Noem v. Doe*, 605 U.S. __, 145 S. Ct. 1524, 1525, slip op. at 2 (2025) (Jackson, J., dissenting from grant of application for stay). Our appellate procedures are structured to allow us to review a complete lower court record, hear the parties' positions, consider complex questions, and adjudicate a fair outcome. We take "extraordinary" action to intervene in the ordinary course of an appeal only when the movant makes the "critical" showing that it will suffer irreparable injury before the appeal concludes. *Citizens for Resp. & Ethics in Washington v. FEC*, 904 F.3d 1014, 1017, 1019 (D.C. Cir. 2018) (per curiam).