**[ORAL ARGUMENT NOT SCHEDULED]**

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

NATIONAL TREASURY EMPLOYEES
UNION,

       Plaintiff-Appellee,

       v.

DONALD J. TRUMP, et al.,

       Defendants-Appellants.

No. 25-5157

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR A STAY OF BRIEFING**

After the government filed its opening brief in this appeal of a preliminary injunction, plaintiff moved for a 45-day stay of further briefing. Plaintiff contends that a stay would promote judicial economy by allowing the district court to rule on motions for summary judgment and render this appeal moot. But there is no guarantee that the district court would issue a final judgment during the stay that plaintiff requests. Furthermore, a decision from this Court in the present appeal would promote judicial economy by providing the district court guidance

on the issues raised on summary judgment. The Court should deny plaintiff's motion and proceed with the pending appeal.

1. This case involves an exercise of the President's authority under 5 U.S.C. § 7103(b)(1) to exclude certain agencies and agency subdivisions from the provisions of the Federal Service Labor–Management Relations Statute (FSLMRS). In March 2025, President Trump issued an executive order determining that certain agencies and subdivisions have "as a primary function intelligence, counterintelligence, investigative, or national security work" and that the FSLMRS "cannot be applied to th[ose] agencies and agency subdivisions in a manner consistent with national security requirements and considerations." Exec. Order No. 14,251, §§ 1-2, 90 Fed. Reg. 14,553, 14,553-14,555 (Apr. 3, 2025). The President excluded those agencies and subdivisions from the provisions of the FSLMRS, in accordance with the statute.

On April 25, 2025, the district court issued a preliminary injunction prohibiting the federal government defendants (other than the President) from implementing the executive order. The government appealed and moved for a stay of the injunction pending appeal. This

Court granted the stay on May 16, 2025, and denied plaintiff's motion for reconsideration en banc on July 16, 2025. The Court then issued a briefing schedule under which the government's opening brief was due on September 9, 2025, and briefing would be complete by October 30, 2025.

The government timely filed its opening brief on September 9. The following day, counsel for plaintiff reached out to the government to suggest, for the first time, that briefing in this appeal be temporarily stayed to allow the district court to potentially rule on motions for summary judgment.

2. Plaintiff's motion should be denied. Contrary to plaintiff's assertion, this appeal will not "imminently" become moot. Although the government filed its reply in support of its cross-motion for summary judgment on July 17, 2025, the district court has not yet scheduled argument on the cross-motions, nor does plaintiff identify any indication from the district court that it intends to rule on those motions at any particular time. Thus, it is far from certain that the district court will enter a final judgment that would render this appeal moot before this Court could issue a decision in the present appeal.

Indeed, the fact that the district court has not scheduled a hearing on the summary-judgment motions may indicate that the court is waiting for a decision in the present appeal.

3. A decision in this appeal is likely to aid the district court in resolving the pending summary-judgment motions and thus promote judicial economy. Many issues raised in the government's opening brief have also been presented to the district court in the course of summary-judgment briefing, including:

- Whether the district court lacks jurisdiction because Congress has channeled plaintiff's claims to the Federal Labor Relations Authority with judicial review performed directly by a court of appeals.

- Whether plaintiff lacks a non-statutory cause of action to challenge a discretionary act by the President.

- How a district court should review a determination by the President under 5 U.S.C. § 7103(b)(1).

- Whether plaintiff can overcome the presumption of regularity that must be accorded the President's determination under § 7103(b)(1).

4

- Whether the statements of a White House fact sheet are consistent with the policy underlying § 7103(b)(1).
- Whether the executive order violated a specific prohibition in the FSLMRS.

This Court's decision on any of these issues is likely to provide helpful guidance to the district court in resolving the motions for summary judgment. And if the government prevails on its channeling argument, that would obviate the need for further proceedings. Accordingly, there is substantial value in this Court continuing to hear and issue a decision in the present appeal, and, contrary to plaintiff's assertion, continuing with the appeal would conserve party and court resources.

Indeed, in a related case that raises the very same issues raised in this case, *Federal Education Ass'n v. Trump*, No. 1:25-cv-1362 (D.D.C.), *appeal docketed*, No. 25-5303 (D.C. Cir.), the parties have jointly requested that the district court wait for a decision from this Court on an appeal from a preliminary injunction before the parties move for summary judgment. *See* Joint Status Report, *Federal Educ. Ass'n v. Trump*, No. 1:25-cv-1362 (D.D.C. Sept. 5, 2025). This not only demonstrates that the district court would benefit from this Court's

5

guidance in the present appeal, but also underscores that a stay of this appeal would not promote judicial economy because this Court would need to confront the very same issues presented here in *Federal Education Association*.

Likewise, in *American Federation of Government Employees v. Trump*, No. 3:25-cv-03070 (N.D. Cal.), *appeal docketed*, No. 25-4014 (9th Cir.)—a case that challenges the same executive order at issue here on substantially similar grounds—the district court recently paused proceedings pending a decision from the Ninth Circuit on the appeal of a preliminary injunction.  Again, the district court presumably recognized the value that an appellate decision would hold for subsequent district-court proceedings.

4.  Plaintiff contends that a 45-day stay of briefing in this matter would not prejudice the government, but there is no guarantee that such a stay would enable the district court to render a decision on the summary-judgment motions.  Furthermore, the timing of plaintiff's request suggests it may have strategically waited for the government to file its opening brief before opining that a stay might be appropriate.

Granting a stay at this stage would increase the likelihood that the time and resources expended in preparing the opening brief are wasted.

## CONCLUSION

The Court should deny plaintiff's motion for a 45-day stay of briefing.

Respectfully submitted,

MELISSA N. PATTERSON

<u>/s/ Joshua M. Koppel</u>
JOSHUA M. KOPPEL
BENJAMIN T. TAKEMOTO
*Attorneys, Appellate Staff*
*Civil Division, Room 7212*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-4820*
*joshua.m.koppel@usdoj.gov*

September 2025

7

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify this motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in 14-point Century Schoolbook, a proportionally spaced font, and that it complies with the type-volume limitation of Rule 27(d)(2)(A) because it contains 1,016 words, according to Microsoft Word.

                                               */s/ Joshua M. Koppel*
                                               Joshua M. Koppel