IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION,<br><br>Plaintiff-Appellee<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>Defendants-Appellants. | Case No. 25-5157 |

## PLAINTIFF-APPELLEE'S REPLY IN SUPPORT OF ITS MOTION FOR A 45-DAY STAY

Plaintiff-Appellee National Treasury Employees Union (NTEU) has asked this Court for a 45-day pause in proceedings because this appeal over a preliminary injunction will become moot when the district court rules on cross-motions for summary judgment that have been fully briefed for over two months. The government opposes this short, proposed pause in this litigation.

**1.** The government cannot meaningfully contest that this appeal will moot out before this Court decides it. The government acknowledges that briefing on the parties' cross-motions for summary judgment concluded on July 17 and that a ruling on those cross-motions would moot this appeal. And the government does not contest that this

Court would be unlikely to hold oral argument in this appeal until December 15 or later, with a decision to follow some months later.

**2.** The government's theory is that the district court will sit on these fully briefed motions for summary judgment—which the government and NTEU agreed to brief expeditiously between June 9 and July 17—until sometime next year, in the hope that the resolution of this appeal will guide its decision. *See* Gov't Opp. at 4-5. That is highly unlikely. It is especially unlikely given that Court's ruling could rest on the equities only—as this Court's divided motions panel decision did—and give the district court no guidance on the substantive issues.[1]

**3.** The government spends a significant portion of its response discussing two other cases challenging the same Executive Order, one of which is out-of-circuit. *See* Gov't Opp. at 5-6. Neither case has begun— let alone completed—summary judgment briefing. So, nothing about those cases could be instructive on the practical question before the

---

[1] The government opines that this Court's acceptance of its jurisdictional argument could effectively end this litigation. *See* Gov't Opp. at 5. But no district court judge or circuit judge has indicated any agreement with that argument in any of the several cases involving this Executive Order.

Court here.[2] And, like this appeal, those cases could be decided on the equities alone and provide no guidance on the merits issues.

**4.** The government does not seriously contest that it would not be prejudiced by a short pause in this proceeding, particularly in light of this Court's stay of the preliminary injunction under review. The government suggests that NTEU waited to see the government's opening brief before filing its motion. *See* Gov't Opp. at 6-7. But there has been no shortage of briefs filed in this case so far, including at the appellate stage. Nothing could be gained by seeing another. And the government could have sought a stay of briefing before it filed its opening brief, a request to which NTEU would have consented. There is no explanation, ultimately, for why the government opposes a measure that would conserve its own resources and the Court's.

---

[2] The same is true for the *American Foreign Service Association v. Trump* litigation before this Court (No. 25-5184). Summary judgment proceedings were months away from completion when the district court stayed further briefing pending a decision from this Court. *See* Minute Order, *AFSA v. Trump*, No. 25-1030 (D.D.C. Sept. 23, 2025). Here, in contrast, briefing concluded months ago and the parties' motions are ripe for a decision.

Respectfully submitted,

JULIE M. WILSON
General Counsel

*/s/ Paras N. Shah*
PARAS N. SHAH
Deputy General Counsel

ALLISON C. GILES
Assistant Counsel

JESSICA HORNE
Assistant Counsel

NATIONAL TREASURY EMPLOYEES UNION
800 K Street N.W., Suite 1000
Washington, D.C. 20001
(202) 572-5500
julie.wilson@nteu.org
paras.shah@nteu.org
allie.giles@nteu.org
jessica.horne@nteu.org

September 23, 2025    Counsel for Plaintiff-Appellee NTEU

## **<u>CERTIFICATE OF COMPLIANCE</u>**

I hereby certify this motion complies with the requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in 14-point Century Schoolbook, a proportionally spaced font, and that it complies with the typeface and type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 662 words, excluding those words that Federal Rule of Appellate Procedure 32(f) exempts.

*/s/ Paras N. Shah*
PARAS N. SHAH
