

**U.S. Department of Justice**

Civil Division, Appellate Staff

950 Pennsylvania Ave. NW, Rm. 7212
Washington, DC 20530

_____

Tel: (202) 532-4252

April 29, 2026

VIA CM/ECF

Mr. Clifton Cislak
Clerk of the Court
U.S. Court of Appeals for the
   District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue N.W.
Washington, DC 20001

     Re:    *National Treasury Employees Union v. Trump*, No. 25-5157
           (D.C. Cir.) (argument heard December 15, 2025)

Dear Mr. Cislak:

     The government responds to NTEU's letter notifying the Court of the termination of certain collective-bargaining agreements. Those terminations should not alter this Court's prior determination that NTEU's alleged loss of bargaining power and reputation is not irreparable harm. *See NTEU v. Trump*, No. 25-5157, 2025 WL 1441563, at \*1–2 (D.C. Cir. May 16, 2025).

     The Government previously directed agencies to refrain from terminating collective-bargaining agreements or decertifying bargaining units until after the litigation concludes. Following this Court's and the Ninth Circuit's stays of preliminary injunctions against the Executive Order, that guidance changed. The Office of Personnel Management "now advises agencies and agency subdivisions covered by E.O. 14251 and EO 14343 that they should proceed to terminate or modify CBAs in order to fully comply with those [EOs]." Implementation of Executive Orders 14251 and 14343 (Feb. 17, 2026), https://www.opm.gov/chcoc/latest-memos/implementation-of-executive-orders-14251-and-14343.pdf. Some agencies have initiated terminations.

Any loss of bargaining power and reputational harm is still speculative, however. In parallel litigation, the Ninth Circuit explained that the unions' bargaining power and reputational harms were insufficient to warrant a preliminary injunction: "it remains the case that the harm to the unions would likely be mitigated to a fair extent by reinstating the terminated agreements if the union plaintiffs were to prevail … [a]nd any long-term weakened support for the unions remains speculative" because "membership is voluntary and the status of the unions could be restored if [plaintiff] succeeds." *AFGE v. Trump*, 167 F.4th 1247, 1259 (9th Cir. 2026). This reasoning applies with equal force here: terminated agreements may be reinstated and NTEU's status may be restored if it ultimately prevails.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

MELISSA N. PATTERSON
WEILI J. SHAW

 */s/ Benjamin T. Takemoto*
JOSHUA M. KOPPEL
BENJAMIN T. TAKEMOTO
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7258*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 532-4252*
  *benjamin.takemoto@usdoj.gov*

cc:    All parties (via CM/ECF)

2