NTEU
National Treasury Employees Union

September 23, 2026

**VIA CM/ECF**

Clifton Cislak
Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Ave. N.W.
Washington, D.C. 20001

**Re: *National Treasury Employees Union v. Trump*, No. 25-5157 (oral argument held December 15, 2025)**

Dear Mr. Cislak:

Pursuant to Rule 28(j), Appellee NTEU writes to inform the Court of a new Federal Labor Relations Authority (FLRA) decision that supports NTEU's position on the jurisdictional issue in this case: NTEU cannot obtain judicial review by bringing its ultra vires claim through the FLRA's administrative review channels, and thus the district court had jurisdiction.

In its decision, the FLRA held that it lacked jurisdiction to decide a matter because Executive Order (EO) 14251 excluded the agency from coverage of the statute that provides for FLRA review, the Federal Service Labor-Management Relations Statute (Statute). *U.S. Marine Corps*, 74 F.L.R.A. 541 (2026). This is what NTEU said would occur if NTEU attempted to bring its claim to the FLRA. *See* NTEU Br. Doc. #2139711, at 21; NTEU Supp. Br., Doc. #2152793, at 6. And it accords with decades of unbroken FLRA precedent. *See*, *e.g.*, *AFGE Local 987*, 66 F.L.R.A. 589, 598 (2012); *AFGE, Local 3966*, 57 F.L.R.A. 750 (2002).

Moreover, the union in *U.S. Marine Corps* cannot challenge EO 14251's validity in an appeal of the decision because the decision is not subject to judicial review. An FLRA order "involving an award by an arbitrator," like *U.S. Marine Corps*, is not reviewable by a U.S. court of appeals "unless the order involves an unfair labor practice." 5 U.S.C. § 7123(a)(1). That is, the FLRA's order "need[s] to include some sort of

800 K Street, NW, Suite 1000, Washington DC 20001-8022 | (202) 572-5500 | **NTEU.org**

substantive evaluation of a statutory unfair labor practice," not a "mere passing reference" to one. *AFGE Local 3690 v. FLRA*, 3 F.4th 384, 388 (D.C. Cir. 2021) (citing *Ass'n of Civilian Technicians, N.Y. State Council v. FLRA*, 507 F.3d 697, 699 (D.C. Cir. 2007)). The order in *U.S. Marine Corps* does not "involve[] an unfair labor practice" under these criteria.

As this decision shows, no FLRA order dismissing a case for lack of jurisdiction will "include a substantive evaluation" of an unfair labor practice. So, NTEU cannot obtain judicial review of its challenge to EO 14251 if its claim is channeled through the FLRA. The district court, and now this Court, have jurisdiction to rule on the EO's validity.

Sincerely,

*/s/ Paras N. Shah*

Paras N. Shah
General Counsel

cc: All counsel of record (via CM/ECF)