NTEU
National Treasury Employees Union

September 23, 2026

**VIA CM/ECF**

Clifton Cislak
Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Ave. N.W.
Washington, D.C. 20001

**Re: *National Treasury Employees Union v. Trump*,**
**No. 25-5157 (oral argument held December 15, 2025)**

Dear Mr. Cislak:

Pursuant to Rule 28(j), Appellee NTEU writes to inform the Court of a new Federal Labor Relations Authority (FLRA) decision that supports NTEU's position on the jurisdictional issue in this case: NTEU cannot obtain judicial review by bringing its ultra vires claim through the FLRA's administrative review channels, and thus the district court had jurisdiction.

In its decision, the FLRA held that it lacked jurisdiction to decide a matter because Executive Order (EO) 14251 excluded the agency from coverage of the statute that provides for FLRA review, the Federal Service Labor-Management Relations Statute (Statute). *U.S. Marine Corps*, 74 F.L.R.A. 541 (2026). This is what NTEU said would occur if NTEU attempted to bring its claim to the FLRA. *See* NTEU Br. Doc. #2139711, at 21; NTEU Supp. Br., Doc. #2152793, at 6. And it accords with decades of unbroken FLRA precedent. *See*, *e.g.*, *AFGE Local 987*, 66 F.L.R.A. 589, 598 (2012); *AFGE, Local 3966*, 57 F.L.R.A. 750 (2002).

Moreover, the union in *U.S. Marine Corps* cannot challenge EO 14251's validity in an appeal of the decision because the decision is not subject to judicial review. An FLRA order "involving an award by an arbitrator," like *U.S. Marine Corps*, is not reviewable by a U.S. court of appeals "unless the order involves an unfair labor practice." 5 U.S.C. § 7123(a)(1). That is, the FLRA's order "need[s] to include some sort of

substantive evaluation of a statutory unfair labor practice," not a "mere passing reference" to one. *AFGE Local 3690 v. FLRA*, 3 F.4th 384, 388 (D.C. Cir. 2021) (citing *Ass'n of Civilian Technicians, N.Y. State Council v. FLRA*, 507 F.3d 697, 699 (D.C. Cir. 2007)). The order in *U.S. Marine Corps* does not "involve[] an unfair labor practice" under these criteria.

As this decision shows, no FLRA order dismissing a case for lack of jurisdiction will "include a substantive evaluation" of an unfair labor practice. So, NTEU cannot obtain judicial review of its challenge to EO 14251 if its claim is channeled through the FLRA. The district court, and now this Court, have jurisdiction to rule on the EO's validity.

Sincerely,

*/s/ Paras N. Shah*

Paras N. Shah
General Counsel

cc: All counsel of record (via CM/ECF)

**74 FLRA No. 80**

UNITED STATES
MARINE CORPS
MARINE AIR GROUND
TASK FORCE TRAINING COMMAND
MARINE CORPS
AIR GROUND COMBAT CENTER
TWENTYNINE PALMS, CALIFORNIA
(Agency)

and

AMERICAN FEDERATION
OF GOVERNMENT EMPLOYEES
LOCAL 2018
(Union)

0-AR-5810

ORDER DISMISSING EXCEPTIONS

September 22, 2026

Before the Authority: Colleen Duffy Kiko, Chairman, and Anne Wagner and Charles O. Arrington, Members (Member Wagner dissenting)

## I. Statement of the Case

Arbitrator Michael D. Durick issued an award, and the Agency filed exceptions to that award. Because we lack jurisdiction, we dismiss the exceptions.

## II. Background and Arbitrator's Award

The Agency issued the grievant a letter of reprimand, and the Union filed a grievance challenging it. The Agency denied the grievance, which the parties advanced to arbitration. The Arbitrator issued an award sustaining the grievance. The Agency filed exceptions on April 27, 2022, and the Union filed an opposition on May 17, 2022.

## III. Analysis and Conclusion: We lack jurisdiction due to Executive Order 12171, as amended by Executive Order 14251.

On March 27, 2025, President Donald J. Trump issued Executive Order 14251 (EO 14251), which amended Executive Order 12171 (EO 12171) – pursuant to 5 U.S.C. § 7103(b)(1) and 22 U.S.C. § 4103(b) – to exclude certain agencies and agency subdivisions from the coverage of the Federal Service Labor-Management Relations Statute (the Statute).[1]

Section 7103(b)(1) of the Statute states:

> The President may issue an order excluding any agency or subdivision thereof from coverage under [the Statute] if the President determines that—
> (A) the agency or subdivision has as a primary function intelligence, counterintelligence, investigative, or national[-]security work, and
> (B) the provisions of [the Statute] cannot be applied to that agency or subdivision in a manner consistent with national[-]security requirements and considerations.[2]

The President determined in EO 14251 that (1) the excluded entities "have as a primary function intelligence, counterintelligence, investigative, or national[-]security work," and (2) the Statute "cannot be applied to [the excluded entities] in a manner consistent with national[-]security requirements and considerations."[3] Under EO 12171, as amended by EO 14251, the Department of Defense is excluded from

[1] Exclusions from Federal Labor-Management Relations Programs, EO 14251 (Mar. 27, 2025), 90 Fed. Reg. 14553 (Apr. 3, 2025) (amending Exclusions from the Federal Labor-Management Relations Program, EO 12171, 44 Fed. Reg. 66565 (Nov. 19, 1979)). On August 28, 2025, President Trump issued Executive Order 14343, which further amended Executive Order 12171, to exclude additional agencies and agency subdivisions from the coverage of the Statute. Further Exclusions from Federal Labor-Management Relations Program, Exec. Order No. 14343 (Aug. 28, 2025), 90 Fed. Reg. 42683 (Sept. 3, 2025).

[2] 5 U.S.C. § 7103(b)(1). Section 4103(b) of the Foreign Service Act includes similar wording concerning excluding agency subdivisions from the coverage of the Foreign Service Act. 22 U.S.C. § 4103(b).

[3] EO 14251, sec. 1, 90 Fed. Reg. at 14553.

the coverage of the Statute,[4] with exceptions not relevant here.[5]

As such, the Authority ordered the Agency to show cause why its exceptions should not be dismissed for lack of jurisdiction, based on EO 14251.[6] The Agency responded to the order and stated that EO 14251 applied to the Agency and, for that reason, the Authority lacked jurisdiction over this case.[7] Although the Authority provided the Union an opportunity to reply to the Agency's response,[8] the Union did not file a reply. Consequently, the Union did not provide any reasons why EO 14251 should not apply here.

Apart from the Authority's proceedings, the American Federation of Government Employees and five other unions (collectively, AFGE) filed a complaint asking the U.S. District Court for the Northern District of California to enjoin implementation of EO 14251 and declare it unlawful.[9] AFGE named the Department of Defense and the Secretary of Defense, among others, as defendants.[10] The District Court issued a preliminary injunction enjoining the agencies and agency subdivisions identified in EO 14251 from implementing it.[11] But the U.S. Court of Appeals for the Ninth Circuit (Ninth Circuit) stayed the injunction pending appeal,[12] and later vacated the injunction.[13]

In its decision vacating the injunction, the Ninth Circuit made several important findings. First, the court found that AFGE did "not demonstrate[] a likelihood of success or serious questions on the merits" of its challenge to EO 14251.[14] Second, the court characterized ensuring national security as "an *urgent* objective of the highest order."[15] Third, when considering the balance of equities and the public interest, the court held that the government's national-security interest outweighed AFGE's interests in preventing enforcement of EO 14251.[16]

At the early stages of AFGE's litigation, the Authority placed this case in abeyance. Since then, the Ninth Circuit made the three important findings mentioned above. In addition, neither party to this case is currently involved in any other litigation in which that party is challenging EO 14251 or its implementation. Relatedly, neither party to this case has obtained a currently active injunction concerning EO 14251 or its implementation.

Moreover, in previous cases where the President excluded entities from the Statute pursuant to his § 7103(b)(1) authority, the Authority dismissed the cases due to a lack of jurisdiction. For example, in *U.S. Attorney's Office, Southern District of Texas, Houston, Texas*, after the President amended EO 12171 to exclude the U.S. Attorney's Office from the Statute's coverage, the Authority dismissed multiple unfair-labor-practice cases involving that office.[17] In addition, *Department of the Navy, Naval Telecommunications Center, Ward Circle* involved an EO 12171 exclusion for "particular groupings of employees" within an agency or subdivision.[18] In that case, a union petitioned to represent a unit of employees who belonged to one of the excluded "groupings."[19] Based on its determination that EO 12171 applied to the employees, the Authority dismissed the union's petition to represent them.[20] Further, in *AFGE, AFL-CIO, Local 2118*, the Authority dismissed a negotiability petition because it involved an entity that EO 12171 excluded from the Statute's coverage.[21] Importantly, the

---

[4] *Id.*, sec. 2(b), § 1-402, 90 Fed. Reg. at 14553.

[5] EO 14251 states that the "Secretar[y] of Defense . . . [is] delegated authority under 5 U.S.C. [§ ]7103(b)(1) to issue orders suspending the application of [§ 7103(b)(1) exclusions from the Statute] to any subdivisions of the department[] [he] supervise[s], thereby bringing such subdivisions under the coverage of the . . . Statute." *Id.*, sec. 4(a), 90 Fed. Reg. at 14555. There is no contention that such an order applies here. Further, nothing in EO 14251 "shall exempt from the coverage of [the Statute] . . . the immediate, local employing offices of any agency police officers, security guards, or firefighters, provided that this exclusion does not apply to the Bureau of Prisons." *Id.*, sec. 2(b), § 1-499, 90 Fed. Reg. at 14554. But neither party contends that this provision applies here.

[6] Order at 1.

[7] Resp. at 2. Two weeks after the Agency's deadline for responding to the order, the Agency filed an amended response. *See* Am. Resp. at 1-3. Because the Agency did not request leave to file this supplemental submission, we do not consider it. *See, e.g.*, *U.S. Dep't of the Treasury, IRS*, 74 FLRA 126, 127 & nn.9-11 (2024) (declining to consider supplemental submission because party did not request leave to file it (citing 5 C.F.R. § 2429.26(a))).

[8] *See* Order at 2.

[9] *AFGE, AFL-CIO v. Trump*, 792 F. Supp. 3d 985, 996-97 (N.D. Cal. 2025) (granting preliminary injunction), *stayed*, 148 F.4th 648 (9th Cir. 2025) (per curiam), *and vacated by amended opinion*, 178 F.4th 456 (9th Cir. 2026) (*AFGE*).

[10] *Id.*

[11] *Id.* at 1006-07. The injunction did not apply to EO 14251's foreign-service exclusions, because the plaintiffs did not challenge them. *Id.* at 1006.

[12] *AFGE, AFL-CIO v. Trump*, 148 F.4th at 656.

[13] *AFGE*, 178 F.4th at 469.

[14] *Id.* at 466.

[15] *Id.* at 468 (emphasis added) (quoting *Holder v. Humanitarian L. Project*, 561 U.S. 1, 28 (2010)).

[16] *Id.* at 469.

[17] 57 FLRA 750, 750 (2002).

[18] 6 FLRA 498, 500 (1981).

[19] *Id.* at 499-500.

[20] *Id.* at 501 & n.7.

[21] 2 FLRA 916, 918 (1980).

Authority did not review the merits of the presidential national-security determinations at issue in any of those cases before dismissing them.[22]

Considering the factors mentioned above – including the pertinent precedent – the Authority finds it appropriate to take this case out of abeyance at this time, and to dismiss the Agency's exceptions due to a lack of jurisdiction.[23]

## IV. Order

We dismiss the exceptions.[24]

[22] Unlike the Ninth Circuit in the external litigation discussed above, we have no reason to address any constitutional arguments in this case because neither party presented any.

[23] *See* EO 14251, sec. 2(b), § 1-402, 90 Fed. Reg. at 14553 (excluding the "Department of Defense" from the coverage of the Statute, with exceptions discussed in note 5). There is no dispute here that the Agency is part of the Department of Defense.

[24] *See U.S. Att'y's Off., S. Dist. of Tex., Hous., Tex.*, 57 FLRA at 750; *Dep't of the Navy, Naval Telecomm. Ctr., Ward Circle*, 6 FLRA at 501 & n.7; *AFGE, AFL-CIO, Loc. 2118*, 2 FLRA at 918.

**Member Wagner, dissenting:**

Executive Order 12171,[1] as amended by Executive Order 14251,[2] provides that, with exceptions not relevant here, the Agency is excluded from the coverage of the Federal Service Labor-Management Relations Statute (the Statute).[3] As the Authority recently noted, these orders, as further amended by Executive Order 14343[4] – collectively, "the exclusions orders" – "directly concern the Authority's jurisdiction" and "are the subject of ongoing litigation in federal district and circuit courts."[5] Given this ongoing litigation, the Authority has been "suspend[ing] the processing of cases involving parties covered by the exclusions orders as a prudential matter," and has been holding those cases in abeyance.[6] "As part of its procedures, the [Authority] provides parties the opportunity to establish that they are not subject to the exclusions orders."[7] "While a case is in abeyance, any raised claims are preserved, processing deadlines are suspended, and the [Authority] will not issue a final order to resolve the issues."[8]

I continue to believe that the most prudent course of action is to keep cases covered by the exclusions orders in abeyance until the litigation over those orders reaches a definitive conclusion – including any actions by the U.S. Supreme Court.[9] Although the majority cites previous examples of the Authority dismissing cases based on executive orders that excluded the relevant entities from the Statute,[10] the executive orders in those cases were not the subject of pending litigation. Thus, those cases do not support taking the instant case out of abeyance and dismissing it at this time. Further, I note that, with specific regard to arbitration cases like the one before us, the filing of exceptions automatically stays the arbitrator's award.[11] Therefore, holding such cases in abeyance has no meaningful effect on the excepting parties' interests.

For these reasons, I disagree with the majority's decision to take this case out of abeyance at this time. Accordingly, I dissent. In doing so, I express no view on the merits of the exclusions orders or how the majority applies them in this case.

---

[1] Exclusions from the Federal Labor-Management Relations Program, Exec. Order No. 12171, 44 Fed. Reg. 66565 (Nov. 19, 1979).

[2] Exclusions from Federal Labor-Management Relations Programs, Exec. Order No. 14251, 90 Fed. Reg. 14553 (Apr. 3, 2025).

[3] 5 U.S.C. §§ 7101-7135.

[4] Further Exclusions from the Federal Labor-Management Relations Programs, Exec. Order No. 14343, 90 Fed. Reg. 42683 (Sept. 3, 2025).

[5] *IFPTE, AFL-CIO, Loc. 777*, 74 FLRA 469, 471 (2026).

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] However, I would continue to process cases that fall within exceptions set forth in the exclusions orders. *See U.S. Dep't of the Navy, Navy Region Mid-Atl. Fire & Emergency Servs., Naval Weapons Station Earle, N.J.*, 74 FLRA 384, 386 (2026) (Chairman Kiko concurring on other grounds) (processing case involving "the immediate, local employing offices of . . . firefighters"); *U.S. Dep't of the Army, Fort Huachuca, Ariz.*, 74 FLRA 317, 318-19 (2025) (same); *U.S. Dep't of the Navy, Commander Navy Region Nw., Fire & Emergency Servs.*, 74 FLRA 286, 288 (2025) (same).

[10] Majority at 4 (citing *U.S. Att'y's Off., S. Dist. of Tex., Hous., Tex.*, 57 FLRA 750 (2002); *Dep't of the Navy, Naval Telecomms. Ctr., Ward Circle*, 6 FLRA 498 (1981); *AFGE, AFL-CIO, Loc. 2118*, 2 FLRA 916 (1980)).

[11] *U.S. Dep't of Educ.*, 50 FLRA 34, 34 n.1 (1994) (citing Processing Exceptions to Arbitration Cases, 51 Fed. Reg. 45754 (Dec. 22, 1986)); *see also U.S. Dep't of VA, VA Reg'l Off., St. Petersburg, Fla.*, 58 FLRA 549, 549 n.2 (2003); *U.S. Dep't of the Navy, Naval Surface Warfare Ctr., Indian Head Div., Indian Head, Md.*, 56 FLRA 848, 852 (2000).