**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7212
Washington, DC 20530

Tel: (202) 514-4820

September 24, 2026

VIA CM/ECF

Mr. Clifton Cislak
Clerk of the Court
U.S. Court of Appeals for the
District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue N.W.
Washington, DC 20001

Re: *National Treasury Employees Union (NTEU) v. Trump*, No. 25-5157 (D.C. Cir.) (argument heard December 15, 2025)

Dear Mr. Cislak:

Defendants write in response to plaintiff's letter of September 23, notifying the Court of *U.S. Marine Corps*, 74 F.L.R.A. 541 (2026). That decision does not support plaintiff's assertion that it could not obtain judicial review of its *ultra vires* claim through the Federal Service Labor-Management Relations Statute's (FSLMRS's) review scheme.

In *U.S. Marine Corps*, the FLRA dismissed exceptions to an arbitral award because the agency involved was excluded from the provisions of the FSLMRS pursuant to Executive Order 14,251. But in that case—as in other FLRA decisions cited in the briefs, *see* Opening Br. 28-29 & n.4—the union did not contest the executive order's validity. *See* 74 F.L.R.A. at 542 (noting that "the Union did not file a reply" and, "[c]onsequently, … did not provide any reasons why EO 14251 should not apply here"). In those circumstances, the FLRA had no occasion to consider the order's validity. But, as defendants have explained, if the union had disputed the validity of the executive order, the FLRA could have addressed that dispute to determine its jurisdiction. *See* Opening Br. 28-29.

Plaintiff's reliance on *AFGE Local 3690 v. FLRA*, 3 F.4th 384 (D.C. Cir. 2021), is also unavailing. The Court dismissed that case because the underlying grievance did not involve an unfair-labor-practice claim. But the Court confirmed that if a grievance does involve such a claim, the FLRA's decision is subject to judicial review. *Id.* at 387. And, contrary to plaintiff's assertion, the Court did not hold that an FLRA order dismissing such a claim for lack of jurisdiction would be unreviewable.

Here, plaintiff would undoubtedly be able to allege an unfair labor practice. *See* Opening Br. 22. Thus, even if the FLRA were to hold that it cannot question the validity of the executive order, a court of appeals could do so on review of an FLRA order dismissing such a grievance. *See* Reply 7-8. In any event, as the government has explained, plaintiff could also raise its challenge to the executive order through a petition for clarification under 5 U.S.C. § 7111(b). *See* Gov't Suppl. Br. 2-13.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

MELISSA N. PATTERSON
WEILI J. SHAW

*/s/ Joshua M. Koppel*
JOSHUA M. KOPPEL
BENJAMIN T. TAKEMOTO
*Attorneys, Appellate Staff*
*Civil Division, Room 7212*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-4820*
*joshua.m.koppel@usdoj.gov*

cc: All parties (via CM/ECF)