NTEU
National Treasury Employees Union

October 26, 2026

**VIA CM/ECF**

Clifton Cislak
Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Ave. N.W.
Washington, D.C. 20001

**Re: *National Treasury Employees Union v. Trump*, No. 25-5157 (oral argument held December 15, 2025)**

Dear Mr. Cislak:

NTEU respectfully submits this letter to notify the Court that the Federal Labor Relations Authority Regional Director is dismissing NTEU's unfair labor practice charges challenging EO 14251 for lack of jurisdiction—dismissals that cannot receive eventual judicial review, as NTEU has argued all along.[1]

As NTEU has explained, Authority precedent does not allow it to exercise jurisdiction over a matter where an excluded agency is a party. Rule 28(j) Letter at 2, Sept. 23, 2026, Dkt. No. 2194613. That is the view of not only the Authority, but also Defendant Office of Personnel Management. *See* Rule 28(j) Letter, Feb. 13, 2025, Dkt. No. 2159129 at 9. Each Regional Director dismissal letter cites this mandatory Authority precedent. *See* Ex. 1 at 1, 3, 5, 7. While NTEU could appeal these dismissals to the Authority's General Counsel (5 C.F.R. § 2423.11(c)), the General Counsel would likewise have to follow binding Authority precedent and affirm the dismissals.

NTEU could not obtain judicial review of its challenge to EO 14251 through this route, as this Court's precedent confirms. "The

---

[1] NTEU filed these actions protectively, to guard its interests in the event its lawsuit was dismissed for lack of jurisdiction. The dismissal letters are attached as Exhibit 1; the charges are attached as Exhibit 2.

800 K Street, NW, Suite 1000, Washington DC 20001-8022 | (202) 572-5500 | NTEU.org

Authority has no power to review the General Counsel's decision" not to pursue an unfair labor practice charge, and this Court likewise lacks jurisdiction over the General Counsel's declination to bring an unfair labor practice complaint. *Turgeon v. FLRA*, 677 F.2d 937, 938–39 (D.C. Cir. 1982).

NTEU has consistently argued that it cannot obtain judicial review of EO 14251 by challenging it in an unfair labor practice proceeding. *See* NTEU Br. at 21, Dkt. No. 2139711. The Regional Director's dismissal letters support NTEU's position that bringing its challenge in district court, as NTEU did, is the only path to meaningful judicial review.

Sincerely,

*/s/ Paras N. Shah*

Paras N. Shah
General Counsel

cc: All counsel of record (via CM/ECF)