**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7212
Washington, DC 20530

Tel: (202) 514-4820

October 29, 2026

VIA CM/ECF

Mr. Clifton Cislak
Clerk of the Court
U.S. Court of Appeals for the
District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue N.W.
Washington, DC 20001

Re: *National Treasury Employees Union (NTEU) v. Trump*, No. 25-5157 (D.C. Cir.) (argument heard December 15, 2025)

Dear Mr. Cislak:

Defendants write in response to plaintiff's letter of October 26, which notified the Court that an FLRA Regional Director dismissed certain unfair-labor-practice charges. The Regional Director determined—after requesting evidence from the parties—that the relevant agencies have been excluded from the provisions of the FSLMRS, and that the FLRA General Counsel therefore does not have jurisdiction over the charges.

NTEU errs in asserting that these dismissals demonstrate that it must be allowed to challenge Executive Order 14251 in district court.

First, in at least one case, NTEU told the FLRA Regional Office that it lacked jurisdiction over the unfair-labor-practice charge—and it did not challenge the executive order's validity. *See* Addendum. NTEU cannot fail to raise its claim before the FLRA, tell the FLRA that it lacks authority, and then complain to this Court about the result.

Second, the Regional Director's dismissal is only a preliminary step, and NTEU can appeal the dismissals to the General Counsel. *See* 5 C.F.R. § 2423.11(c)-(f). NTEU thus has not yet exhausted its administrative remedies.

Third, even if the General Counsel affirms the dismissals, that will not demonstrate that NTEU has a right to file suit in district court. Congress purposely made the General Counsel's decision whether to issue an unfair-labor-practice complaint unreviewable. *See Turgeon v. FLRA*, 677 F.2d 937, 938-940 (1982). NTEU cannot circumvent that scheme by bringing a district-court action. *See AFGE v. Secretary of the Air Force*, 716 F.3d 633, 636-639 (D.C. Cir. 2013).

Fourth, as the government explained (Suppl. Br. 2-13), NTEU may challenge the executive order through a clarification petition under 5 U.S.C. § 7111(b), which does not depend on the General Counsel's discretion. The FLRA would need to adjudicate such a petition, and a court could subsequently review the FLRA's decision. That NTEU has chosen an alternative mechanism that does not guarantee a right to FLRA review—an unfair-labor-practice charge—does not demonstrate that a district-court suit is the only way to challenge the executive order.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

MELISSA N. PATTERSON
WEILI J. SHAW

*/s/ Joshua M. Koppel*
JOSHUA M. KOPPEL
BENJAMIN T. TAKEMOTO
*Attorneys, Appellate Staff*
*Civil Division, Room 7212*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-4820*
*joshua.m.koppel@usdoj.gov*

cc: All parties (via CM/ECF)

ADDENDUM

**FEDERAL LABOR RELATIONS AUTHORITY**
Washington Regional Office

| | |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION<br>Charging Party<br><br>and<br><br>ENVIRONMENTAL PROTECTION AGENCY<br>Agency | Case No. WA-CA-25-0405 |

**UNION'S RESPONSE TO REQUEST FOR EVIDENCE REGARDING JURISDICTION**

JOHN CAMPBELL-ORDE
National Negotiator & Counsel for Compensation

NATIONAL TREASURY EMPLOYEES UNION
800 K Street N.W., Suite 1000
Washington, D.C. 20001

## INTRODUCTION

The National Treasury Employees Union (NTEU or Charging Party) files this response to the Regional Director's September 28, 2026 request for evidence as to whether it has jurisdiction over this matter.

There is no basis to change the current order staying this case: the litigation that is the rationale for the stay is ongoing, and its posture is the same today as it has been for about a year-and-a-half. The parties, moreover, are not harmed by the stay, and lifting the stay would cause the Authority to expend unnecessary resources.

There is ongoing litigation about the Executive Order that is central to resolving NTEU's ULP charge. If, at the conclusion of that litigation, courts sustain the Executive Order, the FLRA will lack jurisdiction over agencies that the Order excludes from Title 5, Chapter 71. If the Executive Order is not sustained, then the Authority will have jurisdiction over proceedings involving those same agencies.

But if the Regional Director elects to decide now whether it has jurisdiction, NTEU's position is that it does not. The Authority has already concluded as much. The government and the courts have determined the same. If the Authority proceeds to dismiss this ULP charge for lack of jurisdiction, NTEU requests that such dismissal be without prejudice to NTEU's right to refile within 30 days of the conclusion of all litigation concerning the Executive Order's validity.

## ARGUMENT

### I. The Authority's Basis for Staying this Matter is Unchanged and Merits a Continuation of the Stay.

On March 27, 2025, the President issued an executive order declaring that several agencies be excluded from the Federal Labor-Management Relations Statute on the basis of national security. E.O. No. 14,251, *Exclusions from Federal Labor-Management Relations Programs*, 90 Fed. Reg. 14553 (Mar. 27, 2025) (Exclusions Order). Among the agencies excluded was the Department of Treasury, except for the Bureau of Printing and Engraving.

NTEU filed a ULP charge against the Environmental Protection Agency (EPA), on September 25, 2025. NTEU filed the charge "to protect its interests" in the event that a federal court upheld the Exclusions Order and to avoid any risk the agency would argue that NTEU did not timely file its ULP charge. On September 26, 2025, the FLRA's Washington Regional Director deferred processing of the charge "so as to afford the Office of the General Counsel time to reevaluate the case in view of the Executive Order and in view of cases pending before the Authority."

Litigation challenging the Exclusions Order is ongoing. For example, NTEU filed a lawsuit challenging the Order in federal district court in Washington, D.C. *NTEU v. Trump*, No. 25-935 (D.D.C. 2025). The government's appeal of the district court's preliminary injunction is pending. *NTEU v. Trump*, No. 25-5157 (D.C. Cir. 2025). However the D.C. Circuit rules, the non-prevailing party will have further appeal options (i.e., seeking rehearing *en banc* or certiorari to the Supreme Court). Each party also has a fully briefed motion for summary judgment before the district court that is awaiting a ruling.

Thus, litigation may continue for years to come. It would not make any sense, and expend unneeded resources from everyone involved, to proceed with processing the ULP charge now.

The Authority should instead wait until after the Exclusions Order litigation concludes and then assess its jurisdiction over the ULP charge.

## II. The Authority Lacks Jurisdiction Over the ULP Charge While the Exclusions Order is in Effect.

The government, the courts, and the FLRA have all concluded that the FLRA lacks jurisdiction over union disputes against agencies that the Exclusions Order excludes from the Statute.

The Exclusions Order itself dictates that "Chapter 71 of title 5, United States Code, cannot be applied" to the listed agencies. The Office of Personnel Management echoes this, stating that a "union no longer has standing to file [an unfair labor practice] charge" against an excluded agency or subdivision because that agency or subdivision "is no longer subject to provisions of the [Statute]." Charles Ezell, *Guidance on Executive Order Exclusions from Federal Labor-Management Program*, OPM (Mar. 27, 2025).

This Administration has taken the same position in court. For example, the government sued NTEU in federal court in Kentucky seeking a declaration that the Exclusions EO was valid. Complt., *Dep't of Treas. v. NTEU Ch. 73*, No. 2:25-cv-49 (E.D. Ky. Mar. 28, 2025). The government did not proceed first to the FLRA, but went straight to court, arguing that Department of Treasury "is not subject to Chapter 71 after the President's Executive Order," and therefore there was no administrative channel through which to proceed. Plaintiff's Motion for Summary Judgment at 20, *Dep't of Treas. v. NTEU Ch. 73*, No. 2:25-cv-49 (E.D. Ky. Apr. 18, 2025).

The FLRA has also consistently held that it lacks jurisdiction to resolve disputes involving agencies excluded from the Statute's coverage. On September 22, 2026, it dismissed an agency's exceptions to an arbitration award sustaining a union's grievance because of a lack

of jurisdiction. *U.S. Marine Corps, Marine Air Ground Task Force Training Command*, 74 F.L.R.A. 541 (2026).[1] *See also AFGE Local* 987, 66 F.L.R.A. 589, 598 (2012) (dismissing ULP claim against Air Force Office of Special Investigations for lack of jurisdiction because an Executive Order had exempted that Office from the Statute); *AFGE, Local 3966*, 57 F.L.R.A. 750 (2002) ("[S]ince [an] Executive Order exempts United States Attorneys' Offices from coverage of the Statute, the Authority lacks jurisdiction to decide the cases.").

And the federal courts have uniformly held that the FLRA lacks jurisdiction over disputes involving excluded agencies. The Court of Appeals for the Ninth Circuit, for example, squarely rejected the argument that union disputes against excluded agencies belong before the FLRA. *AFGE v. Trump*,178 F.4th 456, 465 (9th Cir. 2026). The court stated that such claims are "outside the statute's scope because EO 14,251 has excluded the employees of the listed agencies from coverage under Chapter 71 (i.e., the FSLMRS)." *Id.* That decision is in line with every federal district court to consider the question. *See, e.g., NTEU v. Trump,* 780 F. Supp. 3d 237 (D.D.C. 2025); *AFGE Loc. 2305 v. VA,* 2026 U.S. Dist. LEXIS 52266 (D.R.I. March 13, 2026).

---

[1] Although relevant, this decision does not mandate dismissal of this case. The FLRA based its dismissal in *Marine Corps* on its findings that "neither party to this case is currently involved in any other litigation in which that party is challenging EO 14251 or its implementation" and that "neither party to this case has obtained a currently active injunction concerning EO 14251 or its implementation." Here, in contrast, NTEU's challenge to the Exclusions EO is still active, and the preliminary injunction NTEU secured has not been vacated. *NTEU v. Trump,* 780 F. Supp. 3d 237 (D.D.C. 2025), *appeal pending*, No. 25-5157 (D.C. Cir.). In addition, the union in *Marine Corps* did not respond to the FLRA's show cause order on the jurisdictional question.

## CONCLUSION

It would be arbitrary and unreasoned for the FLRA to lift its stay in this and similar cases staying disputes involving excluded agencies. But if the FLRA determines that it must decide the threshold jurisdictional question now, it should determine that it lacks jurisdiction over this matter.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2026, I served a copy of the foregoing Union's Response to Request for Evidence Regarding Jurisdiction in Case No. WA-CA-25-0405 on the U.S. Environmental Protection Agency by first-class U.S. Mail, addressed to the following:

Phil Brown
U.S. Environmental Protection Agency (EPA)
Labor and Employee Relations Branch (LERB)
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460

Robert Coomber
Senior Labor Advisor
U.S. Environmental Protection Agency (EPA)
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460

Dated: October 13, 2026

______________________________
John Campbell-Orde
National Negotiator & Counsel for Compensation
National Treasury Employees Union